UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMUEL SANSOM, on behalf of Mary
Ann Sansom, deceased,

      Plaintiff,

v.                                        Case No: 2:17-CV-142-FtM-38MRM

COMMISIONER OF SOCIAL
SECURITY

      Defendant.
_____/

### ORDER[1]

This matter comes before the Court on consideration of United States Magistrate Mac R. McCoy's Report and Recommendation ("R&R"). (Doc. 20). Judge McCoy recommends affirming the Commissioner of Social Security's decision to deny Plaintiff Samuel Sansom on behalf of Mary Ann Sansom ("Mary") (together referred to as "Claimants") disability insurance benefits and supplemental security income. Claimants have timely filed objections to the R&R. (Doc. 21). The Commissioner filed a response. (Doc. 22). This matter is thus ripe for review.

The Court adopts the factual background as detailed in the R&R, but will briefly outline the procedural background. Eight years ago, Claimants filed an application for a

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

period of disability and disability insurance benefits for Mary's alleged affective disorder. (Doc. 20 at 2). After a hearing, Administrative Law Judge M. Dwight Evans (the "ALJ") found she was not disabled and denied her application. (Doc. 12-2 at 20). The Appeals Council then denied Claimant's request for review, making the Commissioner's decision final. (Doc. 12-2 at 1). This appeal ensued.

A district court's review of the Commissioner's decision is limited to evaluating whether substantial evidence supports the decision and whether the ALJ applied the proper legal principles. See *James v. Comm'r of Soc. Sec.*, 657 F. App'x 835, 837 (11th Cir. 2016). This review is *de novo*. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotations omitted). Even if the evidence preponderates against the Commissioner's findings, the court must affirm if substantial evidence supports the decision reached. *Id.* at 1158-59. The court may not reweigh the evidence and decide the fact anew. See *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *see also James*, 657 F. App'x at 837. The magistrate judge, district judge, and appellate judges apply the same legal standards to review the Commissioner's decision. *Dyer*, 395 F.3d at 1210.

In addition, a district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* And

"[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The R&R recommends affirming the ALJ's decision. Claimant's objections assert the ALJ erred because he (1) prejudiced Claimants because he did not allow their counsel to sufficiently cross-examine the vocational expert regarding how he arrived at his job numbers and reasoning level determinations; (2) failed to consider and weigh the opinion of Mary's psychiatrist Dr. Rieche; (3) excluded limitations in the residual functional capacity about Mary's moderate difficulty getting along with coworkers and peers; and (4) excluded evidence of Mary's sensitivity to noise. (Doc. 21). Claimant's objections, aside from one minor point regarding Dr. Rieche, merely rehash arguments already presented to and considered by Judge McCoy. As to those objections, the Court agrees with Judge McCoy's assessment and will adopt the R and R accordingly.

Claimants' lone new argument is that Judge McCoy erred because he found no evidence of medical records from Dr. Rieche in the transcript. Upon review, records from Dr. Rieche *were* included in the transcript. (Doc. 12-9 at 384-86; Doc. 12-10 at 414-30). Still, the substantial evidence supports Judge McCoy's finding that Dr. Rieche's opinions were not supported by the medical record as a whole. (Doc. 20 at 19).

Based on a *de novo* review of the record and independent consideration of the parties' arguments and the controlling law, the Court agrees with the R&R's findings and recommendations over Plaintiff's objections. The Commissioner's decision is therefore affirmed.

Accordingly, it is now

**ORDERED:**

(1) United States Magistrate Judge Mac McCoy's Report and Recommendation (Doc. 20) is **ACCEPTED AND ADOPTED** and the findings incorporated herein.

(2) The Commissioner of Social Security's decision is **AFFIRMED.**

(3) Plaintiff Samuel Sansom's objection to the Report and Recommendation (Doc. 21) are **OVERRULED**.

(4) The Clerk of Court is **DIRECTED** to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of July, 2018.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record